IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VONDA L. ANDREWS                                                                    PLAINTIFF

v.                       Civil No. 12-2292

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Vonda Andrews, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.   Procedural Background:

Plaintiff filed her application for SSI on November 29, 2010, due to degenerative disk disease ("DDD"), fibromyalgia, chronic obstructive pulmonary disease ("COPD"), osteo-neuropathy, heart problems, memory issues, osteoarthritis, problems with eyesight, panic attacks and anxiety. Tr. 140-145, 171, 218-219. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 78-81, 89-92. An administrative hearing was held on October 13, 2011. Tr. 26-56. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 45 years old and possessed the equivalent of a high school education. Tr. 18, 29, 172. She had no past relevant work "(PRW") experience. Tr. 18, 228-235.

On November 16, 2011, the ALJ found Plaintiff's DDD and mood disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-13. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 C. F. R. 416.967(a) except that the claimant can occasionally climb, balance, crawl, kneel, stoop and crouch. She can do work where interpersonal contact is only incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved and the supervision required is simple, direct, and concrete.

Tr. 14. The ALJ then concluded that Plaintiff could perform work as an assembly worker, checker, and inspector. Tr. 19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 25, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

3

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And while the issue is not the existence of pain, the issue **is** whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, Plaintiff has a documented history of diagnosed fibromyalgia since 2006. Tr. 375, 377, 402, 404. "Fibromyalgia is a common nonarticular disorder of unknown cause characterized by generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/ musculoskeletal_and_connective_tissue_disorders/bursa_muscle_and_tendon_disorders/fibro myalgia.html?qt=fibromyalgia&alt=sh (last accessed August 5, 2013). Any fibromuscular

tissues may be involved, but fibromyalgia is especially prevalent in the occiput, neck, shoulders, thorax, low back, and thighs. *Id*. The symptoms of fibromyalgia are typically generalized, in contrast to localized soft-tissue pain and tenderness, and can be exacerbated by environmental or emotional stress, poor sleep, trauma, or exposure to dampness or cold or by a physician who implies that the disorder is "all in the head." *Id*. There are, however, no laboratory tests for the presence or severity of fibromyalgia, and treatment includes exercise, local heat, stress management, drugs to improve sleep, and analgesics. *Id*.

The Eighth Circuit has held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity. *Brosnahan v. Barnhart*, 336 F.3d 671, 677 (8th Cir. 2003); *See Kelley v. Callahan,* 133 F.3d 583, 588-89 (8th Cir. 1998).

Plaintiff has consistently complained of various aches and pains, anxiety, and insomnia. On May 20, 2010, Plaintiff was seen by Rheumatologist Dr. James Deneke. Tr. 261-268, 315-318. She complained of generalized discomfort; pain in her back, shoulders, and neck; chronic discomfort in her posterior shoulders; a burning sensation in her elbows; occasional wrist and hand pain with swelling; a decreased grip; hip pain on the sides; knee pain with them giving way at times; aching in her heels; and, discomfort up and down the back. An examination revealed pain on external rotation of the shoulders; tenderness at the lateral epicondyles; some hip pain on extension referable to the back; and, tenderness in the lumbar spine and posterior hips. However, x-rays of the lumbar spine revealed only hyperlordosis. Dr. Deneke indicated that her symptoms were certainly suggestive of fibromyalgia that was aggravated by as well as aggravating her panic attacks. He stressed the importance of proper posture, regular stretching

5

program, and a conditioning program, and prescribed Ultram. Dr. Deneke did not, however, complete an RFC assessment. Accordingly, we believe that remand is necessary to allow the ALJ to obtain an RFC assessment from Dr. Deneke. If said assessment can not be obtain, then the ALJ is directed to order an consultative examination by a rheumatologist, complete with an RFC assessment.

IV. **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of November 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)